Argued and submitted May 29, reversed and remanded in part with instructions; otherwise affirmed November 20, 2002

## STATE OF OREGON,
*Respondent,*

*v.*

## GARY DELANO SANDERS, JR.,
*Appellant.*

9807-36177; A106379

57 P3d 963

Jesse Wm. Barton, Chief Deputy Public Defender, argued the cause for appellant. With him on the briefs was David E. Groom, Acting Executive Director, Office of Public Defense Services.

Stacey J. Guise, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant appeals a judgment of conviction on one count of first-degree assault, ORS 163.185, three counts of second-degree assault, ORS 163.175, and four counts of fourth-degree assault, ORS 163.160, arising out of an incident in which he beat a single victim. His principal contention on appeal is that the trial court should have merged the convictions on the count of first-degree assault and one of the counts of second-degree assault because the latter is a lesser-included offense of the former and because the two counts stemmed from the same criminal episode. We agree with defendant and therefore remand with instructions to merge those two assault convictions and otherwise affirm.

The relevant facts are not in dispute. Defendant beat the victim with a wooden closet rod. He hit her on the torso, the thigh, and the wrist, which was fractured in the process. The wrist fracture occurred as the victim attempted to ward off a blow intended for her head.

The state charged defendant with a number of counts of assault arising out of that incident. Of relevance to this appeal are Count 1, alleging that defendant fractured the victim's wrist with the wooden rod, and Count 2, alleging that defendant beat the victim "about her body" with the rod. Defendant was found guilty of both offenses.

At sentencing, defendant argued that the convictions on Counts 1 and 2 should be merged because, under the facts of this case, second-degree assault is a lesser-included offense of first-degree assault and because the two convictions arose out of the same criminal episode. The state argued that the two convictions were not subject to merger because they did not arise from the same criminal episode. According to the state, there was arguably a pause between the time defendant beat the victim about the body and the time defendant aimed for her head:

"The Defendant was beating her, and then she put her arm up above her head (demonstrating) to block the next blow, which was a separate criminal state of mind.

"* * * * *

> "Again, I'm out on a limb as far as what might have happened, but that's a different kind of culpable mental state to beat someone about the body with welts, and bruises, and such.
>
> "But then a blow directed toward her head is a different state of mind * * *."

The trial court agreed with the state, concluding that, although the jury had not been asked to address the matter, it could have determined that there was sufficient time before defendant aimed for the victim's head "to pause and reflect" and that that was sufficient to regard the two counts as arising from two different criminal episodes.

On appeal, defendant argues that the trial court erred in concluding that the two counts arose from different criminal episodes. According to defendant, under ORS 161.067(3), whether multiple violations of the same statute are separately punishable depends on whether there were repeated violations separated by a "sufficient pause" to afford an opportunity to renounce the criminal intent. In this case, he argues, there was no pause, only a single beating as he aimed the wooden rod at different parts of the victim's body. The state does not suggest that there is any direct evidence of a pause in defendant's conduct of any measurable duration. Instead, it argues that a pause may be inferred from the fact that defendant decided to hit the victim in the head and from the fact that the victim had enough time to hold up her arm to ward off the blow. That pause, the state argues, albeit brief, was sufficient to permit defendant to decide not to continue the beating.

ORS 161.067(3) provides, in part:

> "When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separately punishable offenses as there are violations, except that each violation, to be separately punishable under this subsection, must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent."

The Oregon Supreme Court recently addressed the application of ORS 161.067(3) in *State v. Barnum*, 333 Or 297, 39 P3d 178 (2002). In that case, the defendant broke into the victim's home, purloined the victim's keys and some other items of personal property, and then set fire to the home. The defendant was charged with and convicted of, among other things, two counts of burglary, one based on his unlawful entry with the intent to commit theft and the other on his unlawful entry with the intent to commit arson. At sentencing, the defendant argued that the two offenses should merge because they arose from a single criminal episode. The state argued that the two offenses arose from two different episodes because the keys were in a different room from the place where the fire was set, thus giving the defendant sufficient time to renounce his intent. The trial court agreed. *State v. Barnum*, 157 Or App 68, 76-77, 970 P2d 1214 (1998). On appeal, the defendant argued that there was insufficient pause to satisfy ORS 161.067(3). The state argued that the trial court found such a pause and that such a factual finding was binding because it was supported by the evidence. *Id.* at 77.

The Supreme Court agreed with the defendant. At the outset, the court explained that appellate courts review the trial courts' rulings on merger issues for errors of law. 333 Or at 302. The court then explained the proper analysis of ORS 161.067(3) in the following terms:

> "Whether defendant's two violations of the same statute (ORS 164.225) are separately punishable depends on whether they were 'repeated violations * * * separated * * * by a sufficient pause in defendant's criminal conduct * * *' within the meaning of ORS 161.067(3). 'Repeated' means 'renewed, or recurring again and again.' *See Webster's Third New Int'l Dictionary*, 1924 (unabridged ed 1993) (defining 'repeated').
>
> "Furthermore, ORS 161.067(3) requires that the violations be not just 'repeated,' but also that they be separated by 'a sufficient pause in the defendant's criminal conduct.' Thus, to be separately punishable, one crime must end before another begins."

333 Or at 303 (omissions in original). As a result, the court explained, in that case, it needed to determine "whether, on

the facts in this case, one burglary ended before the other began." *Id.* The Supreme Court noted that the trial court had found that there was a sufficient pause to renounce criminal intent, based on the evidence that the defendant stole the victim's keys in one room, but set fire to the home in another. The Supreme Court was unpersuaded. Although it did not explain what evidence would have sufficed, it did make clear that the mere passage of a brief period of time was insufficient to support the conclusion that one burglary had terminated before the other had commenced. *Id.* Accordingly, the court concluded that the defendant could not be punished for both burglaries. *Id.*

In this case, the parties agree that, because—at least under these facts—second-degree assault is a lesser-included offense of first-degree assault, defendant's conduct violates only one statutory provision.[1] That means that ORS 161.067(3) requires merger unless defendant's repeated assaults were, as a matter of law, "separated * * * by a sufficient pause in the defendant's criminal conduct" within the meaning of that statute. As the Supreme Court held in *Barnum*, there is such a separation only if one assault ended before the other began. The mere passage of time, by itself, does not establish that one assault ended before the other began. There is no other evidence in this case that defendant's assault of the victim's legs and torso "ended" before he attempted to hit her in the head. Because of that lack of evidence, defendant cannot be punished for both assaults. The trial court therefore erred in entering judgments of conviction on both Count 1 and Count 2.

Defendant advances other assignments of error, which we reject without discussion.

---

[1] ORS 163.185 provides that a person commits the crime of assault in the first degree if the person "intentionally causes serious physical injury to another by means of a deadly or dangerous weapon." ORS 163.175(1)(b) provides that the crime of assault in the second degree may be committed in several different ways, including by "[i]ntentionally or knowingly caus[ing] physical injury to another by means of a deadly or dangerous weapon." The only difference between the second-degree assault set out in ORS 163.175(1)(b) and first-degree assault is that the second-degree assault statute requires "physical injury," while the first-degree assault statute requires "*serious* physical injury." (Emphasis added.) Thus, the first-degree assault statute contains every element contained in that second-degree assault statute. *See State v. Cook,* 163 Or App 578, 581, 989 P2d 474 (1999) (describing method of determining whether one crime is a lesser-included offense of another).

Reversed and remanded with instructions to merge convictions on Counts 1 and 2; otherwise affirmed.