On respondent's petition for reconsideration filed February 25, and appellant's response to petition for reconsideration filed June 12, reconsideration allowed; opinion (185 Or App 125, 57 P3d 963 (2002)) modified and adhered to as modified; reversed and remanded with instructions in part; otherwise affirmed
August 6, 2003

## STATE OF OREGON,
*Respondent,*

*v.*

## GARY DELANO SANDERS, JR.,
*Appellant.*

9807-36177; A106379

74 P3d 1105

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Stacey RJ Guise, Assistant Attorney General, for petition.

Peter A. Ozanne, Executive Director, Office of Public Defense Services, and Kimi Nam, Deputy Public Defender, *contra.*

Before Landau, Presiding Judge, and Armstrong* and Brewer, Judges.

LANDAU, P. J.

---

* Armstrong, J., *vice* Deits, C. J.

## LANDAU, P. J.

The state petitions for reconsideration of our opinion in this case, *State v. Sanders*, 185 Or App 125, 57 P3d 963 (2002), asserting that we erred in ordering the trial court to merge two of defendant's convictions and in failing to remand the entire case for resentencing, ORS 138.222(5). For the reasons explained below, we allow reconsideration, modify our opinion, adhere to it as modified, and remand the case for resentencing.

As described in our opinion, defendant was convicted of one count of first-degree assault, ORS 163.185; three counts of second-degree assault, ORS 163.175; and four counts of fourth-degree assault, ORS 163.160; arising out of a single criminal episode involving one victim. He appealed. On appeal, the parties agreed that, under the facts of this case, one count of second-degree assault was a lesser-included offense of one count of first-degree assault. We also agreed. We then applied ORS 161.067(3) as interpreted in *State v. Barnum*, 333 Or 297, 39 P3d 178 (2002), and concluded that, because the relevant assaults were not "separated * * * by a sufficient pause" in defendant's criminal conduct, they were not "separately punishable." *Sanders*, 185 Or App at 130. We reversed and remanded "with instructions to merge convictions on Counts 1 and 2" and otherwise affirmed. *Id.*

As noted, the state argues that we erred in instructing the trial court to merge the relevant two convictions. According to the state, consistently with *Barnum* and *State v. McCloud*, 184 Or App 659, 56 P3d 962 (2002), where two crimes are not separated by a sufficient pause under ORS 161.067(3), only the sentences, and not the convictions, merge. The state also contends that the trial court's error in this case constituted an error "in imposing a sentence in the case" within the meaning of ORS 138.222(5) and therefore requires this court to remand the entire case for resentencing.

Defendant responds that, consistently with ORS 161.067(1), the relevant convictions for first-degree and second-degree assault "merge" and are not separately punishable under ORS 161.067(3) because there was not a sufficient

pause in his conduct. Defendant also argues that ORS 138.222(5) does not require this court to remand the entire case for resentencing because, according to defendant, the trial court did not commit an error requiring resentencing as provided in that statute; rather, it erred in entering judgments of conviction on both of the relevant offenses.

■   We begin with the state's contention that the relevant convictions in this case do not merge. We disagree. As is undisputed by the parties, the relevant count of second-degree assault was a lesser-included offense of the relevant count of first-degree assault. It necessarily follows that the convictions merge. In *State v. Ventris*, 183 Or App 99, 106 n 3, 50 P3d 1274 (2002), *rev allowed*, 335 Or 355 (2003), we explained that "a true lesser-included offense, which by definition contains no elements that are not contained in the greater offense, is not separately punishable under" *former* ORS 161.062(1), *repealed by* Oregon Laws 1999, chapter 136, section 1, and its "virtually identical" companion statute, ORS 161.067(1). That is because, in order for the so-called "anti-merger" rule in ORS 161.067(1) to apply, *each* offense must require proof of an element that the other does not. In the case of a lesser-included and a greater offense, however, only the greater offense requires proof of such an element. *See, e.g., State v. Torres*, 182 Or App 156, 160, 48 P3d 170, *adh'd to on recons*, 184 Or App 515 (2002) ("Whether an offense is a lesser included [offense] of a charged crime depends on whether (1) one offense is necessarily included within the other because the elements of the former are subsumed in the latter or (2) whether the facts alleged in the charging instrument expressly include conduct that describes the elements of the lesser-included offense." (citing *State v. Moroney*, 289 Or 597, 600, 616 P2d 471 (1980)); *cf. State v. Spring*, 172 Or App 508, 21 P3d 657, *rev den*, 332 Or 559 (2001) (because the defendant's sexual abuse convictions and his rape convictions *"each * * * require[d] proof of an element"* that the other did not, ORS 161.067(1) was applicable and precluded the merger of those convictions (emphasis added)). Again, the parties in this case do not dispute that, under the facts of this case, one count of second-degree assault was a lesser-included offense of the count of first-degree assault. We adhere to our conclusion that those convictions merge.

*Barnum* is not to the contrary. In that case, the defendant was convicted of two counts of first-degree burglary, one based on his entry into the victim's home with the intent to commit arson and the other based on the same entry into the victim's home, but with the intent to commit theft. 333 Or at 300. The Supreme Court determined that the trial court properly convicted the defendant of two burglaries because the jury could have found that each element of the two charges had been proved and because to enter fewer than two convictions would be to risk entitling the defendant to a judgment of acquittal if one of the two convictions were reversed on appeal. *Id.* at 302 (citing *State v. Barrett*, 331 Or 27, 36-37, 10 P3d 901 (2000)).

*Barnum* (as well as *Barrett*, which it followed) pertained to the proper treatment of multiple convictions arising out of alternative theories of commission of a *single* "harm that the legislature intended to address." *See Barrett*, 331 Or at 36. In this case, it is undisputed that defendant's crimes constituted two separate "harms," namely, the crimes of first-degree and second-degree assault. As discussed above, however, the convictions nevertheless merge because, equally undisputedly, one offense is a lesser-included offense of the other. ORS 161.067(1) simply does not apply to that situation; conversely, under settled principles pertaining to the "merger" of convictions for lesser-included offenses, defendant's relevant convictions for assault in the first and second degree merge.

■     We turn to the state's contention that we were obligated to remand the entire case for sentencing under ORS 138.222(5). The state argues that remand is consistent with the legislature's intent as recognized by this court in *State v. Hagan*, 140 Or App 454, 457 n 4, 916 P2d 317 (1996): in the case of multiple convictions, "to safeguard the integrity of the trial court's sentencing 'package.' " Defendant responds that, in failing to merge his convictions, the trial court did not commit an error "in imposing a sentence in the case" and therefore did not commit "an error that requires resentencing," within the meaning of those statutory terms.

The parties' dispute is resolved by this court's decision in *State v. Rodvelt*, 187 Or App 128, 66 P3d 577 (2003). In that case, the parties and this court agreed that the trial

court had erred in failing to merge the defendant's lesser-included offense of fourth-degree assault into his conviction for first-degree criminal mistreatment. *Id.* at 130. The question remained, however, whether the entire case should be remanded for resentencing under ORS 138.222(5). We explained that, under the felony sentencing guidelines, a defendant's sentence for a particular conviction may depend on, for example, the relative crime seriousness of other crimes for which the defendant was convicted in that case or the defendant's criminal history based on those other convictions. *Id.* at 132-35. We reasoned that, accordingly, when one conviction in a multiple-conviction case is reversed, that reversal may affect the correctness of other sentences imposed in the case—indeed, it may do so in a manner favorable to the defendant. *Id.* We also noted that this court is not always easily able to discern whether, and to what extent, an error in a case as to one conviction and sentence affected other sentences in the case. *Id.* at 135-36. We therefore concluded that the only plausible interpretation of ORS 138.222(5) is that, in such situations, the statute requires remand of the entire case. It follows that the state is correct that we erred in failing to remand this case for resentencing. We now do so.

Reconsideration allowed; opinion modified and adhered to as modified; reversed and remanded with instructions to merge convictions on Counts 1 and 2 and for resentencing; otherwise affirmed.