Argued and submitted March 30, reversed and remanded for resentencing and for entry of judgment merging counts 1 through 4 into single conviction for fourth-degree felony assault, specifying that defendant was found guilty both on the ground that she had been previously convicted of assaulting the same victim and on the ground that assault was committed in the immediate presence of and witnessed by defendant's minor child; merging count 5 with count 6 into single conviction for first-degree criminal mistreatment; otherwise affirmed May 2, appellant's petition for reconsideration filed June 7 and respondent's response to petition for reconsideration filed July 6 allowed by opinion August 29, 2007

See 214 Or App 604, _____ P3d _____ (2007)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JULIE ANN BROSTROM,
*Defendant-Appellant.*

Multnomah County Circuit Court
030432016; A123965

157 P3d 1237

Rebecca A. Duncan, Chief Deputy Public Defender, argued the cause for appellant. With her on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Brendan C. Dunn, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Carson, Senior Judge.

PER CURIAM

## PER CURIAM

Defendant appeals from convictions for two counts of criminal mistreatment and four counts of felony assault involving her nine-year-old son. She makes six assignments of error. We reject without discussion defendant's first, second, and third assignments of error. In her fourth and fifth assignments, defendant argues that the trial court erred in failing to merge her criminal mistreatment convictions with each other and the felony assault convictions into one conviction. The state concedes that the trial court erred in failing to merge the convictions. We agree and accept the state's concession. *State v. Sanders*, 185 Or App 125, 129, 57 P3d 963 (2002), *adh'd to as modified on recons*, 189 Or App 107, 74 P3d 1105 (2003), *rev den*, 336 Or 657 (2004). It follows that the trial court was authorized to enter only one criminal mistreatment conviction and only one felony assault conviction.

Because the trial court erred in failing to merge the convictions, we are required to remand the entire case for resentencing, ORS 138.222(5), and, therefore, we need not reach defendant's sixth assignment of error regarding the denial of a jury trial on the grounds for an upward departure sentence.

Reversed and remanded for resentencing and for entry of judgment merging counts 1 through 4 into single conviction for fourth-degree felony assault, specifying that defendant was found guilty both on the ground that she had been previously convicted of assaulting the same victim and on the ground that assault was committed in the immediate presence of and witnessed by defendant's minor child; merging count 5 with count 6 into single conviction for first-degree criminal mistreatment; otherwise affirmed.