Submitted September 29, 2009, reversed and remanded with instructions to merge second-degree assault conviction with first-degree assault conviction and for resentencing; otherwise affirmed March 3, respondent's petition for reconsideration filed March 17 and appellant's response to state's petition for reconsideration filed March 23 allowed by opinion April 28, 2010
See 235 Or App 177, 230 P3d 100 (2010)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JAMES LANE SULLIVAN,
*Defendant-Appellant.*

Polk County Circuit Court
07P3334; A138325

227 P3d 1186

Peter Gartlan, Chief Defender, Appellate Division, and Eric Johansen, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant. James Lane Sullivan filed the supplemental brief *pro se.*

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Brewer, Chief Judge, and Deits, Senior Judge.*

BREWER, C. J.

---

* Brewer, C. J., *vice* Edmonds, P. J.

## BREWER, C. J.

Defendant, who was convicted of one count of first-degree assault, ORS 163.185, and one count of second-degree assault, ORS 163.175, argues on appeal that the trial court erred in failing to merge those convictions. In a *pro se* supplemental brief, defendant also argues that the trial court erred in denying his motion for judgment of acquittal. We reject without discussion defendant's arguments pertaining to his motion for judgment of acquittal. For the reasons set forth below, we remand for merger of the convictions and for resentencing.

Defendant was charged with first-degree assault for having "unlawfully and intentionally cause[d] serious physical injury to Danny Caudillo by means of a dangerous weapon, to wit, a paved ground surface, by forcibly striking Danny Caudillo's head against said paved surface[.]" He was charged with second-degree assault "[a]s part of the same act or transaction," for having "unlawfully, feloniously and knowingly cause[d] serious physical injury to Danny Caudillo[.]" Eyewitness testimony established that defendant assaulted Caudillo by punching him, kicking him, throwing him to the ground, then kicking him again, shortly after they left a bar. The parties stipulated that Caudillo suffered serious physical injury; defendant's theory of the case was that Caudillo was the initial aggressor, and he acted in self-defense.

At sentencing, the prosecutor stated:

"This is Measure 11. The presumptive sentence [for count one] is 90 months. Count 2 is alleged as part of the same act or transaction, the 70 months in that I presume would have merged in any case. Intend that the court impose the presumptive 90-month sentence pursuant to Measure 11."

Defense counsel responded, "Your Honor, I would concur, these matters should merge into one."

The court later stated to defendant:

"I'll sentence you to 90 months in the penitentiary, according to Measure 11, to be given credit for time served.

"I'll either merge Count 2, or give you 70 months for Count 2 and run it concurrently with Count 1. I don't know if it makes a difference."

The judgment that the court entered did not merge the second-degree assault conviction into the first-degree assault conviction, but rather imposed consecutive sentences on the convictions.

On appeal, defendant contends that the court erred in failing to merge the convictions. The state responds that defendant failed to preserve the claim of error. The state maintains that the prosecutor's comment about Count 2— "the 70 months in that I presume would have merged"— should have been understood as a reference to concurrent sentences rather than merger. The state asserts that "it appears that the parties understood the issue to pertain to consecutive versus concurrent sentences."

We disagree. Both the prosecutor's and defense counsel's statements referred to merger; neither mentioned concurrent sentences. When those statements were made, defendant had no reason to object to anything and, thus, did not fail to preserve the claimed error. It is true that, somewhat later in the proceeding, the court told defendant that Count 2 would either merge or have a concurrent sentence. It is also true that defense counsel could have interrupted the court and explained why merger, not concurrent sentences, was the proper disposition. However, because the prosecutor had already conceded that the state was seeking to have the convictions merged, defendant was not obliged to raise any objection at that point in the proceedings. The error occurred when the judgment was created, not earlier.

■ The state argues that, despite the prosecutor's concession about merger, the record supports a conclusion that the crimes need not be merged. We disagree. ORS 161.067 provides, in part:

"(1)  When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations.

"* * * * *

"(3)   When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations * * * there are as many separately punishable offenses as there are violations, except that each violation, to be separately punishable under this subsection, must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent."

First-degree assault and second-degree assault, as pleaded here, do not each "require[ ] proof of an element that the other[ ] do[es] not," so subsection (1) is not applicable. However, the state maintains that it is "apparent in the present case that one assault ended before the next assault began and that defendant had a sufficient opportunity to renounce his criminal intent between the two assaults," and thus, under subsection (3), the convictions did not merge. We disagree that any such conclusion is "apparent" here.

One witness saw defendant and the victim leave the bar and go around a corner. She followed them within "a couple minutes" and saw defendant kick the victim and throw him to the ground. Within two minutes after defendant and the victim walked around the corner, a second witness arrived and saw defendant kick the victim as the victim was trying to get up from the ground. The second witness broke up the fight. Neither eyewitness described any pause whatsoever between the first kick, the throwing to the ground, or the second kick, much less "a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent." ORS 161.067(3). *See State v. Sanders*, 185 Or App 125, 57 P3d 963 (2002), *adh'd to as modified on recons*, 189 Or App 107, 74 P3d 1105 (2003), *rev den*, 336 Or 657 (2004) (holding that first- and second-degree assault convictions should merge under similar circumstances).

Reversed and remanded with instructions to merge second-degree assault conviction with first-degree assault conviction and for resentencing; otherwise affirmed.