Submitted March 16, reversed and remanded with instructions to merge the guilty verdicts on Counts 1 and 2 into a single conviction for sexual abuse in the first degree; remanded for resentencing; otherwise affirmed April 22, 2015

### STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

### DAVID JAMES BLACK,
*Defendant-Appellant.*

Washington County Circuit Court
C110964CR; A154605

348 P3d 1154

Peter Gartlan, Chief Defender, and David O. Ferry, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Timothy A. Sylwester, Senior Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

DUNCAN, P. J.

.

## DUNCAN, P. J.

Defendant appeals the trial court's judgment convicting him of three counts of sexual abuse in the first degree (Counts 1, 2, and 4), ORS 163.427, and one count of unlawful sexual penetration in the second degree (Count 3), ORS 163.408. On appeal, defendant assigns error to the trial court's entry of separate convictions for two of the sexual abuse in the first degree counts, Counts 1 and 2; he contends that the trial court should have merged the guilty verdicts on those counts and entered a single conviction for those counts. The state concedes that the trial court erred in that respect. For the reasons explained below, we agree with defendant and accept the state's concession. Accordingly, we reverse and remand with instructions to merge the guilty verdicts on Counts 1 and 2 into a single conviction and for resentencing, but otherwise affirm.[1]

First-degree sexual abuse is defined by ORS 163.427, which provides, in pertinent part:

"(1)   A person commits the crime of sexual abuse in the first degree when that person:

"(a)   Subjects another person to sexual contact and:

"(A)   The victim is less than 14 years of age;

"(B)   The victim is subjected to forcible compulsion by the actor; or

"(C)   The victim is incapable of consent by reason of being mentally defective, mentally incapacitated or physically helpless[.]"

In this case, Count 1 of the indictment alleged that defendant committed first-degree sexual abuse by touching the breasts of the victim, "a child under 14 years of age[.]" Thus, Count 1 alleged that defendant violated ORS 163.427(1)(a)(A). Count 2 alleged that defendant committed first-degree sexual abuse by touching the breasts of the same victim, "a person who was physically helpless[.]" Thus, Count 2 alleged that defendant violated ORS 163.427(1)(a)(C).

---

[1] Because we remand for resentencing, we do not address defendant's assignment of error regarding the trial court's imposition of court-appointed attorney fees.

Defendant pleaded guilty to all four charged counts and, at sentencing, asserted that the court was required to merge Counts 1 and 2. He explained:

> "If you look at the allegations themselves, it's exactly the same statute. It's the same conduct alleged. It's the same victim. There's really just two different theories of the same offense. I believe under those circumstances, the law is clear that they merge."

In response, the state agreed that Counts 1 and 2 were for the same act, but argued that the counts did not merge because they were based on "separate legal theories." The state explained that Counts 1 and 2 were based on a single incident in which the victim "recalled one day waking up with the defendant's hand down her shirt, fondling her breasts under her bra. Those are—*that act is—is reflected in Counts 1 and 2 in this case.*" (Emphasis added.) Later, when describing the acts underlying the counts, the state reiterated that Counts 1 and 2 were based on the same act, explaining, "[W]e think that these are indeed separate acts between Counts 1 and 2, and Count 3 and Count 4. *So, to be clear, Counts 1 and 2 go together.* Count 3 is a separate— is a separate incident. Count 4 is a separate incident." Nevertheless, the state argued that Count 1 and Count 2 did not merge, on the ground that the counts were based on "separate legal theories" and contained "separate elements."

The trial court ruled that Count 1 and Count 2 did not merge, stating that "Counts 1 and 2 are separate acts, as I understood the facts, that are—were placed on the record to support the plea initially, and that are recounted—in summary fashion in the evaluation and [presentence investigation report (PSI)] that was provided to me."

The trial court imposed 75-month prison terms on each of the four counts and made the sentence on Count 3 consecutive to that on Count 1. The court also imposed unitary assessments on each of the four counts.

We are bound by the trial court's findings "if there is constitutionally sufficient evidence in the record to support those findings," *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993), and we review the court's merger ruling for legal

error, *State v. Watkins*, 236 Or App 339, 345, 236 P3d 770, *rev den*, 349 Or 480 (2010).

Merger is governed by ORS 161.067.[2] Under that statute, if the same conduct violates "only one statutory provision," guilty verdicts based on the conduct merge unless the conduct either "involves two or more victims," or "involves repeated violations * * * against the same victim * * * separated from [each] other * * * by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent." ORS 161.067(2), (3).

Here, the state argued that the verdicts on Counts 1 and 2 did not merge because the counts involved separate legal theories and separate elements. To the extent that the state was arguing that the verdicts on the counts did not merge because they were for violations of separate "statutory provisions," the state's argument was incorrect. Although defendant was charged with violating different subparagraphs of ORS 163.427(1)(a)—specifically, ORS 163.427(1)(a)(A) and (C)—those subparagraphs are not separate "statutory provisions" for merger purposes, as the state now acknowledges.

---

[2] ORS 161.067 provides, in part:

"(1) When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations.

"(2) When the same conduct or criminal episode, though violating only one statutory provision involves two or more victims, there are as many separately punishable offenses as there are victims. * * *

"* * * * *

"(3) When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separately punishable offenses as there are violations, except that each violation, to be separately punishable under this subsection, must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent. Each method of engaging in deviate sexual intercourse as defined in ORS 163.305, and each method of engaging in unlawful sexual penetration as defined in ORS 163.408 and 163.411 shall constitute separate violations of their respective statutory provisions for purposes of determining the number of statutory violations."

Whether different sections, paragraphs, or subparagraphs of a statute defining a crime constitute separate "statutory provisions" is a question of legislative intent to be resolved by determining whether the legislature intended to define one crime or more than one crime. *State v. White*, 346 Or 275, 285, 211 P3d 248 (2009). In *State v. Parkins*, 346 Or 333, 355, 211 P3d 262 (2009), the Supreme Court held that, when the legislature enacted the first-degree sexual abuse statute at issue in this case, it intended to create a single crime. As the court explained, the subparagraphs in the statute identify different ways in which the single crime of first-degree sexual abuse can be committed. They "constitute no more than different theories under which the 'basic offense' of second-degree sexual abuse *** becomes the more serious offense of first-degree sexual abuse; they are not separately punishable offenses." *Id.* at 353. Thus, "[t]he presence of more than one of the elements that convert a lower degree of sexual abuse to first-degree sexual abuse does not convert defendant's single act into separate crimes." *Id.* at 355. Accordingly, the *Parkins* court held that the trial court erred in not merging the defendant's guilty verdicts for violating ORS 163.427(1)(a)(A) (based on the victim's age) and ORS 163.427(1)(a)(B) (based on the use of forcible compulsion). 346 Or at 348, 355. We reach the same conclusion in this case with respect to defendant's guilty verdicts for violating ORS 163.427(1)(a)(A) (based on the victim's age) and ORS 163.427(1)(a)(C) (based on the victim's physical helplessness).

It appears that the trial court may have refused to merge defendant's guilty verdicts on the ground that they were based on separate acts. But, as the state concedes, if the trial court found that the counts were based on separate acts, there is no evidence in the record to support that finding. As the state observes, "defendant is correct that the only information that was provided to the court in defendant's plea petition and at the change-of-plea hearing was that counts 1 and 2 were based on the same incident and act—that they were not based on separate incidents." The trial court may have believed, based on an allegation in the PSI, that defendant had "put his mouth" on the victim's breast on another occasion. But neither the indictment nor

the state's description of the charged crimes refers to such an incident. Thus, as the state acknowledges, "the sole factual basis for the charges in Counts 1 and 2, as was explained by the prosecutor and as admitted by the defendant at the change-of-plea hearing, was that defendant committed both of those offenses at the same time *by the same act* on January 12, 2008." (Emphasis in original.) Therefore, the trial court erred by failing to merge Count 1 and Count 2, and we reverse and remand with instructions to merge the guilty verdicts on Counts 1 and 2 into a single conviction for sexual abuse in the first degree and for resentencing. *See State v. Sanders*, 189 Or App 107, 111-12, 74 P3d 1105 (2003), *rev den*, 336 Or 657 (2004) (remanding entire case for resentencing when trial court erred by not merging guilty verdicts).

Reversed and remanded with instructions to merge the guilty verdicts on Counts 1 and 2 into a single conviction for sexual abuse in the first degree; remanded for resentencing; otherwise affirmed.