Argued and submitted December 16, 2010, convictions on counts 2 and 3 reversed and remanded with instructions to enter a judgment of conviction for one count of second-degree robbery reflecting that defendant was found guilty on both theories; remanded for resentencing; otherwise affirmed July 20, petition for review denied October 6, 2011 (351 Or 216)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CESAR DAVID COLMENARES-CHAVEZ,
aka Juan Hernandezgarcia,
aka Juan Hernandez-Garcia,
aka Cesar Colmenares-Chavez,
aka Cesar David Colmemares-Chavez,
*Defendant-Appellant.*

Multnomah County Circuit Court
071034868; A139539

260 P3d 667

Meredith Allen, Senior Deputy Public Defender, argued the cause for appellant. With her on the briefs was Peter Gartlan, Chief Defender, Appellate Division, Office of Public Defense Services.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. On the brief were John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Samuel A. Kubernick, Assistant Attorney General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Rosenblum, Senior Judge.

WOLLHEIM, J.

**WOLLHEIM, J.**

A jury found defendant guilty of two counts of robbery in the second degree, ORS 164.405(1), and one count of robbery in the first degree, ORS 164.415. On appeal, defendant argues that the trial court erred in (1) failing to merge defendant's guilty verdicts for the two counts of robbery in the second degree and (2) failing to merge defendant's guilty verdict for robbery in the first degree with the second-degree robbery verdicts. Based on *State v. White*, 346 Or 275, 211 P3d 248 (2009), we agree with defendant that the trial court erred as a matter of law in failing to merge his guilty verdicts for second-degree robbery, but conclude that the trial court correctly declined to merge the verdict for first-degree robbery with the second-degree robbery verdicts.

The facts are undisputed. One afternoon in July 2007, Alejandro, a gas station employee, was working alone at a gas station in Gresham. Defendant drove up to the gas station with three other people in the car. Alejandro recognized defendant because their sisters are friends. Defendant told Alejandro that he was there to "give [him] a lesson" but he would go away if Alejandro gave him $10 worth of gas. Alejandro gave defendant $10 of gas, and defendant drove away. Alejandro paid for the gas out of his tips.

A few hours later, defendant returned to the gas station with the same three passengers in his car. Defendant told Alejandro to go to the cashier's station and give him $40 and he would leave; defendant said that Alejandro could call the police because he would have defendant on the surveillance tape. Alejandro walked to the cashier's station, and defendant followed. Then defendant pulled a gun out of his pocket, pointed the gun at Alejandro, and told Alejandro to give him the rest of the money. Another person from the car came in and pushed Alejandro against the wall of the cashier's station. Alejandro opened the cash register. Defendant and the other person took all of the money out of the register, approximately $900. After the two men left, Alejandro called the police. Alejandro later identified defendant in a photo lineup.

Defendant was charged with one count of robbery in the first degree and two counts of robbery in the second

degree. During trial, the state argued that both counts of second-degree robbery and the count of first-degree robbery were based on the same incident: the confrontation between defendant and Alejandro when defendant went to the gas station the second time. A jury found defendant guilty as charged. At sentencing, the court stated that defendant's verdicts would merge.[1] However, the judgment states that defendant's verdicts do not merge.

On appeal, defendant raises two assignments of error, arguing that the trial court erred in (1) failing to merge defendant's guilty verdicts for the two counts of robbery in the second degree and (2) failing to merge defendant's guilty verdict for robbery in the first degree with the second-degree robbery verdicts. We review the trial court's rulings on merger issues for errors of law. *State v. Sanders*, 185 Or App 125, 129, 57 P3d 963 (2002), *modified on recons*, 189 Or App 107, 74 P3d 1105 (2003), *rev den*, 336 Or 657 (2004).

We first address defendant's argument that the trial court erred in failing to merge his guilty verdicts for the two counts of second-degree robbery. The anti-merger statute, ORS 161.067(1), provides:

> "When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

Under ORS 164.405(1), a person commits robbery in the second degree if the person commits robbery as defined by ORS 164.395[2] and the person "(a) [r]epresents by word or conduct

---

[1] There has been some confusion in our opinions about whether a defendant's "verdicts" merge or a defendant's "convictions" merge. The Supreme Court addressed this in *White*, 346 Or at 279 n 4, saying, "[A] trial court applies the [anti-] merger statute to guilty verdicts on particular counts, rather than to 'convictions.'" However, sentences never merge; sentences are either concurrent or consecutive.

[2] ORS 164.395 provides, in part:

"(1) A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft or unauthorized use of a vehicle as defined in ORS 164.135 the person uses or threatens the immediate use of physical force upon another person with the intent of:

"(a) Preventing or overcoming resistance to the taking of the property or to retention thereof immediately after the taking; or

that the person is armed with what purports to be a dangerous or deadly weapon;" or "(b) [i]s aided by another person actually present."

In this case, defendant was convicted of two separate counts of second-degree robbery for the same conduct toward the same victim, one for being armed with a weapon—the gun—and the other for being aided by another person actually present—the other person who came into the cashier's station. The allegations against defendant were that he committed theft while being aided by another person actually present (Count 2) and that he committed theft while representing that he was armed with what purported to be a deadly and dangerous weapon (Count 3). In *White*, the Supreme Court concluded that second-degree robbery verdicts under these circumstances should merge. 346 Or at 291. The court explained:

> "[T]he legislature created a single crime of second-degree robbery. The fact that the alternative circumstances that elevate third-degree robbery to second-degree robbery appear in two different paragraphs in ORS 164.405(1) does not make them (or the crime of second-degree robbery) 'two * * * statutory provisions.' Accordingly, ORS 161.067(1) does not apply here, and the trial court erred in failing to merge defendant's guilty verdicts on the two counts of second-degree robbery."

*Id.* Accordingly, we conclude that the trial court erred in failing to merge defendant's guilty verdicts on the two counts of second-degree robbery in this case.

For the first time on appeal, the state makes an alternative argument—that defendant committed two separately punishable crimes of second-degree robbery against the same victim on the same day. The state contends that the record supports a conviction for second-degree robbery for defendant's actions the first time he stopped at the gas station and demanded $10 worth of gas. According to the state, because defendant had three others in the car with him at the time, defendant committed robbery while "aided by another

---

"(b) Compelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of the theft or unauthorized use of a vehicle."

person actually present," ORS 164.405(1)(b). In addition, relying on ORS 161.067(3),[3] the state asserts that there was a "sufficient pause" between the violations "to afford the defendant an opportunity to renounce the criminal intent."

The state cannot raise this new theory for the first time on appeal. As the Supreme Court stated in *Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 660, 20 P3d 180 (2001),

> "even if the record contains evidence sufficient to support an alternative basis for affirmance, if the losing party might have created a *different* record below had the prevailing party raised that issue, and that record could affect the disposition of the issue, then we will not consider the alternative basis for affirmance."

(Emphasis in original.) At trial, the state argued that both counts of second-degree robbery were based on the same incident: the confrontation between defendant and Alejandro when defendant returned to the gas station. Because the record might have developed differently had the state raised its theory below, we decline the state's invitation to affirm on alternative grounds and conclude that defendant's guilty verdicts on the two counts of second-degree robbery merge.

We next turn to defendant's argument that the trial court erred in failing to merge the two second-degree robbery verdicts with the first-degree robbery verdict. For a single criminal act to give rise to more than one statutory violation under ORS 161.067(1), "three requirements must be satisfied: (1) defendant must have engaged in acts that are 'the same criminal conduct or episode'; (2) defendant's acts must have violated two or more 'statutory provisions'; and (3) each 'statutory provision' must require 'proof of an element that the others do not.'" *State v. Parkins*, 346 Or 333, 348, 211

---

[3] ORS 161.067(3) provides, in part:

"When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separately punishable offenses as there are violations, except that each violation, to be separately punishable under this subsection, must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent."

P3d 262 (2009) (quoting *State v. Crotsley*, 308 Or 272, 779 P2d 600 (1989)). Defendant asserts that this case does not meet the second requirement: that his acts violated two or more statutory provisions. Defendant argues that the statutes defining the different degrees of robbery are all "directed at the same legislative concern: punishing offenders according to the likelihood that violence will occur as a consequence of the means the offender employs to take property that belongs to another." Consequently, defendant asserts that the legislature intended to define a single crime of robbery when it enacted the statutes, and we should consider them the same statute for the purposes of merger. We disagree.

Although the issue in *White* was whether the verdicts for two second-degree robberies should merge, not whether the statute governing first-degree robbery, ORS 164.415, and the statute governing second-degree robbery, ORS 164.405(1), are separate "statutory provisions" for purposes of ORS 161.067(1), the Supreme Court's analysis in *White* indirectly answers the latter question. In *White*, the Supreme Court stated, "[T]o determine whether an action violates two statutory provisions, we must determine whether the legislature intended to create two crimes or only one." 346 Or at 280. In determining whether the second-degree robbery verdicts should merge, the court described the statutory scheme as follows:

> "ORS 164.405 is one of three statutes that, together, make up the statutory scheme respecting robbery. In those statutes, the legislature has provided an incrementally graded set of standards for determining the seriousness of different forms of robbery and has divided those standards into three groups—third-degree robbery, second-degree robbery, and first-degree robbery. Third-degree robbery is the least serious and describes the basic crime of robbery: taking or attempting to take property from another, while preventing or overcoming the victim's resistance to giving up the property by using or threatening to use physical force. ORS 164.395. The crimes of second- and first-degree robbery then use third-degree robbery as a foundation and build on its elements by identifying additional elements that, if present, make the crime a more serious one. The highest level of robbery, first-degree robbery, is a robbery in which

the robber is armed or actually causes or attempts to cause the victim serious injury. ORS 164.415."

*Id.* at 285-86 (footnotes omitted). The court noted that second-degree robbery is a Class B felony, first-degree robbery is a Class A felony, and third-degree robbery is a Class C felony, and stated, "The legislature's creation of the crime of second-degree robbery thus reflects concern with the increased threat of violence from a purported weapon (even if it is a threat that the robber cannot make good on) and from the presence of an accomplice with the robber." *Id.* at 286. In addition, the court stated:

> "[T]he legislature did, in fact, distinguish between the different degrees of robbery, creating an ascending scale of *different* degrees of one crime, each of which it classified as a different level of felony and enacted as a different statute. Identifying a common legislative concern in the two means of proving second-degree robbery—which is similar to the concerns underlying all the robbery statutes, but greater in magnitude than third-degree robbery and less than first-degree robbery—does not eliminate the statutory distinctions, but, rather, gives effect to the legislature's statutory structure."

*Id.* at 289 n 13 (emphasis in original). Thus, although the court described the robbery statutes as creating different degrees of "one crime," the court's analysis demonstrates that it interpreted each degree of robbery as a distinct statutory provision while viewing the two means of proving second-degree robbery as one statutory provision.

The court has not retreated from its analysis in *White*. For example, in describing *White*, the court stated in *Parkins*, "It is difficult to see how, when the legislature sets out the offenses in separate sections, defines them as different degrees of an incrementally graded offense, and assigns them different punishments, those can be anything other than separate provisions for purposes of the anti-merger statute." 346 Or at 354-55; *see also State v. Blake*, 348 Or 95, 98, 228 P3d 560 (2010) (stating the same principle). First-degree robbery and second-degree robbery are in separate statutory sections, as different degrees of incrementally graded offenses, and have different punishments. Thus, they are different statutory provisions for purposes of ORS

161.067(1). Accordingly, we conclude that the trial court did not err in failing to merge defendant's guilty verdict for first-degree robbery with his guilty verdicts for second-degree robbery.

Convictions on counts 2 and 3 reversed and remanded with instructions to enter a judgment of conviction for one count of second-degree robbery reflecting that defendant was found guilty on both theories; remanded for resentencing; otherwise affirmed.