## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## DOUGLAS EUGENE POWELL,
*Defendant-Appellant.*

Multnomah County Circuit Court
080431969; A141354

281 P3d 631

Ernest G. Lannet, Chief Deputy Defender, argued the cause for appellant. On the brief were Peter Gartlan, Chief Defender, Office of Public Defense Services, and Elizabeth Corbridge Ranweiler, Deputy Public Defender. Douglas E. Powell filed the supplemental brief *pro se.*

Leigh A. Salmon, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant appeals a judgment of conviction for one count of first-degree burglary with a firearm, ORS 164.225, three counts of first-degree robbery with a firearm, ORS 164.415, six counts of second-degree robbery with a firearm, ORS 164.405, one count of felon in possession of a firearm, ORS 166.270, and one count of unlawful use of a weapon with a firearm, ORS 166.220. Among other things, defendant asserts that the trial court erred in failing to merge his guilty verdicts for robbery in the second degree as to each victim. Based on our analysis in *State v. Colmenares-Chavez*, 244 Or App 339, 260 P3d 667, *rev den*, 351 Or 216 (2011), we conclude that the trial court erred in failing to merge defendant's guilty verdicts for second-degree robbery for each victim, and therefore reverse and remand. We also remand for the trial court to determine whether to impose a gun minimum sentence on Count 1 instead of Count 11. In all other respects, we affirm.[1]

The facts are undisputed. Late one night in October 2007, a woman knocked on the door of a house in Portland. At the time, there were three residents in the house, including a man named Tim. When one of the residents of the house opened the door, the woman asked if Tim lived there. The resident said that he did. The woman said that her car had run out of gas and asked to use the phone. After using the phone, the woman waited in the house. Shortly thereafter, defendant and another man walked into the house. Their purpose in entering the house was to steal marijuana. Defendant pulled out a gun and pointed it at the residents, telling them to get on the floor. Defendant's accomplice also began taping one of the resident's hands behind his back with duct tape. Defendant asked which one was Tim, and then said that Tim had been dealing drugs to his little sister. One of the residents told defendant that he had the wrong house and that there was another man named Tim who lived in the house next door. Defendant apologized, told the residents not to call the police, and left.

---

[1] Defendant has filed a *pro se* supplemental brief in which he makes a number of other arguments. We reject those arguments without discussion.

As a result of that incident, defendant was charged with one count of first-degree burglary with a firearm (Count 1), three counts of first-degree robbery with a firearm (Counts 2-4), six counts of second-degree robbery with a firearm (Counts 5-10), one count of felon in possession of a firearm (Count 11), one count of unlawful use of a weapon with a firearm (Count 12), one count of attempted first-degree burglary with a firearm (Count 13), one count of attempted first-degree robbery with a firearm (Count 14), and two counts of attempted second-degree robbery with a firearm (Counts 15 and 16). Defendant waived his right to a jury trial and tried his case to the court. The court found defendant guilty of Counts 1 through 12 and not guilty of Counts 13 through 16. The court imposed 65 months in prison for Count 1, 90 months in prison for each of Counts 2, 3, and 4, with the sentence for Count 3 to be served consecutively to the sentence for Count 2. The court imposed 70 months in prison on each of Counts 5 through 10, 60 months in prison for Count 11 pursuant to ORS 161.610(4), the gun minimum statute, and 24 months in prison for Count 12.

In his first through sixth assignments of error, defendant asserts that the trial court erred when it denied his motion to merge the verdicts on his robbery convictions. Defendant makes two specific arguments: (1) that the second-degree robbery verdicts for each victim merge and (2) that the second-degree robbery verdicts merge into the first-degree robbery verdicts for each victim. The state concedes that the trial court plainly erred when it failed to merge the verdicts for second-degree robbery, but contends that the verdicts for second-degree robbery do not merge with the verdicts for first-degree robbery. We agree with the state.

We addressed both of the issues that defendant raises in *Colmenares-Chavez*, 244 Or App at 339. In *Colmenares-Chavez*, a jury found the defendant guilty of two counts of robbery in the second degree and one count of robbery in the first degree. *Id.* at 342. On appeal, the defendant argued that, under ORS 161.067(1),[2] "the trial court erred in

---

[2] ORS 161.067(1) provides:

"When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do

(1) failing to merge defendant's guilty verdicts for the two counts of robbery in the second degree and (2) failing to merge defendant's guilty verdict for robbery in the first degree with the second-degree robbery verdicts." *Id.* On the defendant's first assignment of error, we followed the Supreme Court's analysis in *State v. White*, 346 Or 275, 291, 211 P3d 248 (2009), in which the court stated that

> "the legislature created a single crime of second-degree robbery. The fact that the alternative circumstances that elevate third-degree robbery to second-degree robbery appear in two different paragraphs in ORS 164.405(1) does not make them (or the crime of second-degree robbery) 'two * * * statutory provisions.' Accordingly, ORS 161.067(1) does not apply here, and the trial court erred in failing to merge defendant's guilty verdicts on the two counts of second-degree robbery."

(Ellipsis in original.) Therefore, we concluded that the trial court erred in failing to merge the defendant's guilty verdicts on the two counts of second-degree robbery. *Colmenares-Chavez*, 244 Or App at 343. On the defendant's second assignment of error, we again looked to the court's analysis in *White* and other cases, and concluded, "First-degree robbery and second-degree robbery are in separate statutory sections, as different degrees of incrementally graded offenses, and have different punishments. Thus, they are different statutory provisions for purposes of ORS 161.067(1)." *Id.* at 346-47. Accordingly, we concluded that the trial court did not err by declining to merge the defendant's guilty verdicts for first-degree robbery with his guilty verdicts for second-degree robbery. *Id.* at 347.

Following our analysis in *Colmenares-Chavez*, we conclude that the trial court erred in failing to merge defendant's guilty verdicts for second-degree robbery for each victim, but the court did not err in failing to merge defendant's guilty verdicts for second-degree robbery into the first-degree verdicts. Accordingly, we reverse and remand for the trial court to merge the verdicts for second-degree robbery for each victim.

---

not, there are as many separately punishable offenses as there are separate statutory violations."

In his next assignment of error, defendant argues that the trial court erred in imposing a gun minimum sentence on Count 11 instead of Count 1. The state responds that, because this case will be remanded for resentencing, we need not reach the merits of defendant's argument. We agree with the state and therefore leave this issue for the trial court to resolve on remand.

Finally, defendant asserts that the trial court erred in denying his motions for judgment of acquittal. Defendant contends that the state failed to establish that defendant used or threatened the immediate use of physical force on the victims with the intent of compelling them to deliver property or that he acted in the course of attempting to commit theft. The state responds that defendant failed to preserve that issue for appeal. We agree with the state. Defendant did not make this specific argument in his motions for judgment of acquittal and, because the parties would have developed a different factual record below if defendant had made that argument, we will not consider it. *State v. Nelson,* 181 Or App 593, 600, 47 P3d 521, *rev den,* 335 Or 90 (2002) ("[I]f the parties would have developed a different factual record below in response to arguments made for the first time on appeal, we will not consider those arguments.").

Convictions for Counts 5-10 reversed and remanded with instructions to enter a judgment of conviction for three counts of second-degree robbery; remanded for resentencing; otherwise affirmed.