## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## HARVEY STEVEN CALE,
*Defendant-Appellant.*

Douglas County Circuit Court
09CR1709FE; A150744

330 P3d 43

Peter Gartlan, Chief Defender, and Susan Fair Drake, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Matthew J. Lysne, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Nakamoto, Judge, and DeVore, Judge.

DEVORE, J.

**DEVORE, J.**

Defendant appeals a judgment challenging convictions for crimes involving sexual exploitation of a child. At issue are convictions on three counts of using a child in display of sexually explicit conduct, ORS 163.670, and three counts of encouraging child sexual abuse in the first degree, ORS 163.684. Defendant argues that the several counts of each respective crime constituted a single criminal episode so as to require merger of the respective counts. If the several counts of each crime would merge, defendant would be convicted of the two offenses, not six offenses.[1] The state responds that the several counts of each crime constituted separate acts of criminality. We review for legal error. *State v. Glazier*, 253 Or App 109, 115, 288 P3d 1007 (2012), *rev den*, 353 Or 280 (2013). We are bound by the trial court's findings of fact if there is sufficient evidence in the record to support them. *Id*. We reverse and remand.

T. S., the mother of children, A, M, and J, left them in defendant's care while she attended to errands most of the day. After T. S. returned, her oldest child, A, told her that something had happened to J. T. S. asked J, a four-year-old, to describe what happened. J said that defendant had brought her into his bedroom and propped a chair under the door handle. While in his bedroom, defendant took a series of nude photos of J. J related to her mother that defendant had then asked to put his tongue on her vaginal area. J explained to her mother that she had allowed defendant to do so because defendant had promised that she could use his camera if she complied, and she liked taking photos. M happened to knock on the bedroom door. Because J needed to use the toilet, defendant removed the chair from the door handle, redressed J, and took her to the bathroom. T. S. alerted the police. During the investigation, the police seized defendant's computer, laptop, hard drive, computer

---

[1] Although our disposition requires a remand for resentencing, that remand would not necessarily result in a reduction of 415 months' imprisonment initially imposed. That is so because in this case, convictions on the two crimes, with the several counts of each crime merged, would not necessarily reduce defendant's imprisonment, because, as it happens, the trial court imposed concurrent sentences for the several counts of each crime.

discs, and digital camera. A search of defendant's devices revealed files containing child pornography. Defendant was indicted on 59 criminal counts.[2] Several of the counts corresponded with photos of J on the camera and the transfer of those photos to defendant's computer.

At trial, an expert witness described child pornography that had been transferred from the camera. The content included pornographic and nonpornographic photos of J. The witness testified about the particular photos corresponding with Counts 2, 3, and 4 (using a child in display of sexually explicit conduct). One photo was taken on April 13, 2009, at "3:28:40 a.m."; another photo was taken at "3:28:48 a.m."; and a third photo was taken at "3:29:56 a.m."[3] The photos were an image of J naked on a bed, an image of her vaginal area, and an image of her vaginal area next to the lower part of defendant's face. Those photos were later transferred to defendant's computer on April 29, 2009, a number of seconds apart, and corresponded to Counts 5, 6, and 7 (encouraging child sex abuse). The first photo was transferred at "2:00:32 p.m."; the second was transferred at "2:00:34 p.m."; and, the third photo was transferred at "2:00:36 p.m." Defendant was convicted on those counts and others.[4]

At sentencing, defendant argued that Counts 2, 3, and 4 should merge, and that Counts 5, 6, and 7 should merge. The state responded that each photograph constituted a separate criminal incident and each photo's transfer was a separate crime. The trial court concluded that "every time you take a photograph of a child, it's a separate crime." The trial court declined to merge counts. On appeal, defendant assigns error to the trial court's ruling.

---

[2] Counts 30 through 56 were dismissed prior to trial.

[3] Data recovered from the camera was used to reveal the time and date that the photos were taken. The camera data apparently related to Universal Coordinated Time (UTC) or Greenwich Mean Time. The computer clock was checked, and its accuracy was verified, allowing forensic examiners to conclude that its date and time stamps were correct.

[4] Defendant was also convicted of sodomy in the first degree, ORS 163.405; manufacture of marijuana, ORS 475.856; possession of marijuana, ORS 475.864; and 23 counts of encouraging child sexual abuse in the second degree, ORS 163.686.

In relevant part, the merger statute, ORS 161.067(3), provides,

"When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separately punishable offenses as there are violations, except that each violation, to be separately punishable under this subsection, must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent."

We must decide whether there was a "sufficient pause" for defendant to renounce his criminal intent with regard to the use of a child in the display of sexually explicit conduct, ORS 163.670, and for first-degree encouragement of child sexual abuse, ORS 163.684. As we will explain, we conclude that there was not a sufficient pause in either instance.

We first address the counts involving the encouragement of child sexual abuse in the first degree under ORS 163.684.[5] The crime involves, among other things, duplicating a visual recording of sexually explicit conduct involving a child. To conclude that there was a sufficient pause in defendant's conduct, the state was required to provide sufficient evidence that the files were not duplicated or downloaded concurrently. *See State v. Reeves*, 250 Or App 294, 306, 280 P3d 994, *rev den*, 352 Or 565 (2012) (no evidence supporting a reasonable inference of a pause between downloads). In the case at hand, the only evidence of a pause between the transfer of the three photos at issue is an invariable two-second gap between each transfer time stamp. There is no evidence suggesting that defendant individually clicked on each image or individually initiated each download. *See id.*

---

[5] ORS 163.684 (2009) was amended by Oregon Laws 2011, chapter 515, section 3. Throughout this opinion, all references to ORS 163.684 are to the 2009 version. ORS 163.684 provides, in relevant part:

"(1) A person commits the crime of encouraging child sexual abuse in the first degree if the person:

"(a)(A) Knowingly develops, duplicates, *** or sells any photograph, motion picture, videotape or other visual recording of sexually explicit conduct involving a child or possesses such matter with the intent to develop, duplicate, publish, print, disseminate, exchange, display or sell it ***[.]"

at 307 (files could have downloaded in a single double-click). "[T]here is a 'complete absence of evidence'" supporting a determination that the files were not transferred concurrently, "let alone with a sufficient pause between each download during which defendant could have renounced his criminal intent." *Id.* at 307-08 (quoting *State v. Huffman*, 234 Or App 177, 187 n 6, 227 P3d 1206 (2010)). Therefore, we conclude that there is insufficient evidence for a reasonable factfinder to determine that the duplication of the three photo files constituted separate criminal acts.

For much the same reason, the court erred in denying merger of the counts involving using a child in the display of sexually explicit conduct under ORS 163.670.[6] The statute forbids inducing a child to participate in sexually explicit conduct for the purpose of observation or recording. We have addressed merger in the context of multiple counts of assault. *Glazier*, 253 Or App at 111. In *Glazier*, the defendant, who was convicted of one count of second-degree assault and two counts of fourth-degree assault, argued that his convictions should have merged because there was not a sufficient pause in his conduct to allow an opportunity to renounce criminal intent. *Id.* at 117. The defendant had pulled his wife out of bed by her ankle, causing her head and hip to hit the hardwood floor below. *Id.* at 111. He dragged her down a hallway, causing her hip to strike the door jamb and wall. He then dragged her by her arm, beat her head against the floor multiple times, and kicked her in her torso, while in an area between the dining room and living room. We concluded that the defendant's guilty verdicts should have merged because his "conduct was continuous and uninterrupted; there was no evidence that he paused his aggression from the time he pulled the victim off the bed to the final charged act of kicking her in the torso." *Id.* at 118. This court reached similar results in other assault cases, in which we emphasized that "the mere passage of time, by itself, does not establish that one assault ended before the

---

[6] ORS 163.670 provides, in relevant part:

"(1) A person commits the crime of using a child in a display of sexually explicit conduct if the person employs, authorizes, permits, compels or induces a child to participate or engage in sexually explicit conduct for any person to observe or to record in a * * * visual recording."

other began." *State v. Sanders*, 185 Or App 125, 130, 57 P3d 963 (2002), *adh'd to as modified on recons*, 189 Or App 107, 74 P3d 1105 (2003), *rev den*, 336 Or 657 (2004) (insufficient evidence as to a significant pause between blows to victim's body with a wooden closet rod); *see also State v. Watkins*, 236 Or App 339, 348, 236 P3d 770, *rev den*, 349 Or 480 (2010) (insufficient evidence as to a significant pause in the defendant's assault of a corrections officer).

In this case, defendant took sexually explicit photos of J in his bedroom. The only evidence of the timing is that defendant took the three unlawful photos in a series and all within one minute and 16 seconds—between "3:28:40 a.m." and "3:29:56 a.m." The mere passage of that brief time is insufficient evidence for a reasonable factfinder to determine that one inducement of a child for sexually explicit purposes had stopped and another had begun. As we reasoned in *Glazier*, defendant's conduct was "continuous and uninterrupted" because there is no evidence that he paused his exploitative conduct. The result may have been different if the evidence had suggested a cessation and resumption of defendant's inducement or the child's participation in this brief episode. If, for example, defendant had taken additional unlawful photos after redressing J, removing the chair from the door, and bringing J into the bathroom, there might well have been the requisite "sufficient pause" to support separate offenses. *See State v. McConville*, 243 Or App 275, 283, 259 P3d 947 (2011) (no evidence supporting inference that theft of the victim's jewelry ended before theft of her laptop began during burglary). However, given the record before us, we conclude that there was not legally sufficient evidence of the requisite "sufficient pause." *Id*. at 284. Accordingly, the several counts for violation of ORS 163.670 also should have merged pursuant to ORS 161.067(3).

Convictions on Counts 2, 3, and 4 and Counts 5, 6, and 7 reversed and remanded with instructions to enter a judgment of conviction for one count of using a child in display of sexually explicit conduct and one count of encouraging child sex abuse in the first degree; remanded for resentencing; otherwise affirmed.