Submitted January 30, 2014, convictions for using a child in a display of sexually explicit conduct reversed with instructions to enter a judgment of conviction for one count of that crime, remanded for resentencing, otherwise affirmed September 10, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ERIC JOHN HOWE,
*Defendant-Appellant.*

Marion County Circuit Court
11C42635; A150455

359 P3d 483

Peter Gartlan, Chief Defender, and Susan Fair Drake, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Egan, Judge, and De Muniz, Senior Judge.

ARMSTRONG, P. J.

**ARMSTRONG, P. J.**

Defendant appeals a judgment convicting him of, among other things, three counts of using a child in a display of sexually explicit conduct, ORS 163.670. Defendant contends that the court erred by denying his motion for a judgment of acquittal on two of the three counts of using a child in such a display on the ground that the evidence supports a conviction for only one count of the crime. He also assigns error to the trial court's refusal to merge the three guilty verdicts for the crime into a single conviction. As explained below, we affirm the denial of the motion for a judgment of acquittal but reverse the merger decision.

The facts are uncontested. The victim was a seventeen-year-old girl who had run away from her mother's home. Defendant and his friend, Skinner, approached the victim at a bus mall and invited her to come to defendant's apartment to watch a basketball game on television. The victim agreed because defendant told her that a boy she liked would be there. The victim ended up staying at defendant's apartment for two days. During that time, defendant and several other men led the victim to believe that she would be beaten if she did not engage in sexual acts with them and others, and, consequently, she engaged in various sexual acts even though she did not want to do that.

This case involves a sexual assault that occurred around midday on the second day that the victim was at defendant's apartment. The incident began when Skinner grabbed the victim's arm and told her to go to defendant's bedroom. The victim believed that she did not have a choice and complied. While she was in the bedroom, she could hear defendant speaking to Collins and Monk, who had recently arrived at the apartment. Defendant, Skinner, Collins, and Monk then walked into defendant's bedroom and together removed the victim's clothing while defendant filmed and took pictures. Once the victim was naked, they collectively spun her around. Skinner and two other men then had vaginal and oral intercourse with the victim. Defendant filmed everything, telling the victim to "look at the camera[,] [t]his is how you're going to make your money."

The state subsequently charged defendant with, among other things, three counts of using a child in a display of sexually explicit conduct. Each of the counts alleged that defendant knowingly permitted or induced the victim to participate in sexually explicit conduct for a person to observe.

The state put on its case-in-chief, and defendant moved for a judgment of acquittal on two of the three counts of using a child in a display of sexually explicit conduct. He argued that using a child in a display of sexually explicit conduct criminalizes inducing the child's participation in sexual acts and because, in his view, the jury would be required to find from the evidence that the sexual acts occurred as part of a single event, the evidence could support a conviction of only one count of using a child in a display of sexually explicit conduct.

The state responded that the trial court should deny defendant's motion on several grounds. First, the state reasoned that defendant had aided and abetted each of the three men who had engaged in sexual acts with the victim, and, consequently, he could be convicted of three counts of using a child in a display of sexually explicit conduct for aiding and abetting the three men in committing that crime. The state also asserted that using a child in a display of sexually explicit conduct criminalizes "allowing others to observe the abuse," and, therefore, the trial court could convict defendant of multiple counts of that crime because multiple people had observed the abuse. Finally, the state asserted that there were at least three sexual acts—one for each abuser—and that, because each act was independent of the other, defendant could be convicted of three counts of using a child in a display of sexually explicit conduct.

The trial court denied defendant's motion, reasoning that defendant had permitted "the victim to engage in six different incidents of sexual conduct." The court ultimately convicted defendant of all three counts of using a child in a display of sexually explicit conduct, finding that defendant had permitted the abuse to occur in his apartment and was "in control of what was going on."

At sentencing, defendant contended that the three counts should merge. The state responded that the court should deny merger under ORS 161.067(3), which provides that, when a criminal episode violates one statute and involves one victim, the guilty verdicts do not merge if each verdict was supported by criminal behavior separated from the other criminal behavior by a "sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent." The state argued that there was a pause in the sexual conduct each time Skinner, Collins, or Monk changed sexual positions, giving defendant an opportunity to renounce his criminal intent. Defendant responded that ORS 161.067(3) precluded merger only if there was a pause in *his* behavior, and his behavior did not change when other people changed sexual positions. The trial court refused to merge the counts.

We begin with defendant's contention that the trial court erred in denying his motion for a judgment of acquittal. "We review the denial of a motion for a judgment of acquittal * * * to determine whether the record contains evidence from which a rational trier of fact, drawing all reasonable inferences in the light most favorable to the state, could find [that] all elements of [the crime] were proven beyond a reasonable doubt." *State v. Graham*, 251 Or App 217, 218, 284 P3d 515 (2012).

Here, the indictment charged defendant under ORS 163.670 with permitting or inducing the victim to participate in sexual conduct for a person to observe. Hence, the issue framed by defendant's motion is whether the state offered sufficient evidence to sustain a finding that defendant induced or permitted the victim to engage in more than one episode of sexually explicit conduct for a person to observe. Defendant claims that the state failed to do that. We disagree, because the state presented evidence that the victim had sexual intercourse with three people—Skinner, Collins, and Monk. From that evidence, a factfinder could find that defendant permitted the victim to engage in at least three separate episodes of sexually explicit conduct.

We recognize that the evidence established that Skinner, Collins, Monk, and defendant jointly undressed the

victim, which could support a finding that the ensuing sexual acts were part of a single episode. Likewise, the fact that each episode of vaginal and oral intercourse occurred within close temporal proximity of the others further suggests that the acts of intercourse could be viewed as one sexual episode involving several actors. However, our standard of review requires us to view the facts in the light most favorable to the state. Here, three individuals had vaginal and oral intercourse with the victim at different times. A reasonable factfinder could find that the sexual conduct involving each individual and the victim constituted a separate display of that conduct even though the respective sexual acts occurred close in time to each other. In sum, we conclude that, contrary to defendant's contention, the evidence was sufficient to support a finding that defendant induced or permitted the victim to participate in multiple, separate acts of sexually explicit conduct for a person to observe. Consequently, the trial court did not err in denying defendant's motion for a judgment of acquittal.

We turn to merger. We review a trial court's merger decision for legal error. *State v. Reeves*, 250 Or App 294, 306, 280 P3d 994, *rev den*, 352 Or 565 (2012). The burden is on the state to prove that charges do not merge. *See, e.g., State v. Watkins*, 236 Or App 339, 348, 236 P3d 770, *rev den*, 349 Or 480 (2010) ("[W]here a defendant has been found guilty on multiple counts of assault arising from the same criminal episode and involving the same victim, the court must merge those guilty verdicts unless the state proves that 'one assault ended before the other began.'"). For defendant's verdicts not to merge here, the state was required to prove that there was a "sufficient pause in *the defendant's* criminal conduct to afford *the defendant* an opportunity to renounce the criminal intent." ORS 161.067(3) (emphasis added).

On appeal, the state contends that the three guilty verdicts should not merge because each time Skinner, Collins, or Monk changed sexual positions there was a pause in the sexual conduct that gave "defendant an opportunity to renounce his criminal intent." We do not agree. The problem with the state's argument is that it ignores the text of ORS 161.067, which requires a "sufficient pause in *the defendant's* criminal conduct." (Emphasis added.) The trial court

convicted defendant of permitting the use of the victim in a display of sexually explicit conduct on the ground that defendant permitted those acts to occur in his apartment and he controlled them. The state presented no evidence suggesting that there was a pause in defendant's criminal conduct—*viz.*, that defendant stopped permitting the acts to occur in his apartment or relinquished control over them. *See, e.g., State v. Cale,* 263 Or App 635, 640-41, 330 P3d 43 (2014) (court erred in denying merger because evidence failed to establish pause in defendant's conduct in inducing child to participate in display of sexually explicit conduct). Therefore, because the state failed to carry its burden to show that there was a sufficient pause in defendant's criminal conduct to afford defendant an opportunity to renounce his criminal intent, the trial court erred in failing to merge the guilty verdicts on the three counts. Accordingly, we remand the case to the trial court to merge the three convictions for using a child in a display of sexually explicit conduct into a single conviction.

Convictions for using a child in a display of sexually explicit conduct reversed with instructions to enter a judgment of conviction for one count of that crime; remanded for resentencing; otherwise affirmed.